# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GEMINI IP TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, et al. <br><br> Defendants. | Case No. C 07-03797 WHA <br><br> Assigned to The Honorable William Alsup <br> Courtroom 9 <br><br> **JOINT CASE MANAGEMENT AND RULE 26(f) REPORT** |

Pursuant to the Court's Case Management Order filed July 24, 2007 and the Court's Supplemental Order filed October 10, 2007, Plaintiff, Gemini IP Technologies, LLC, and Defendant, Cisco Systems, Inc. conferred on October 22, 2007, and hereby submit this Joint Case Management Statement and Rule 26(f) Report addressing the subjects in the Court's Orders, the Standing Order for All Judges of the Northern District of California/Contents of Joint Case Management Statement, Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and ADR Local Rule 3-5. The content of the discussion and the agreements reached are set forth below. Where agreement was not reached, the parties' respective positions are separately set forth.

RUSS, AUGUST & KABAT

### 1. Jurisdiction and Service

This is a patent infringement action arising under 35 U.S.C. §§ 271, 284 and 285. The Court has jurisdiction over this patent infringement action, and the declaratory judgment and patent infringement counterclaim, pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367. All parties are subject to the Court's jurisdiction and venue. Defendant has been served with the Complaint. Plaintiff has been served with the Counterclaim.

### 2. Facts

This is a patent infringement case involving United States Patent No. 6,177.932 ("the '932 patent") entitled "Method and Apparatus for Network Based Customer Service," to which Plaintiff claims all right, title, and interest in and to. Plaintiff brought this action alleging that Defendant is directly and/or indirectly infringing the '932 patent in violation of 35 U.S.C. § 271.

Defendant has filed declaratory judgment counterclaims alleging that it does not infringe the '932 patent and that the '932 patent is invalid.

### 3. Legal Issues

The parties reserve the right to raise additional issues that may arise though the course of this action.

Plaintiff and Defendant seek adjudication of the following legal issues:

1. whether the asserted claims of the '832 patent are infringed, directly or indirectly, either literally or under the doctrine of equivalents, by Defendant.

2. whether Defendant's infringement is willful.

3. whether Plaintiff is entitled to damages, including enhanced damages, pursuant to 35 U.S.C. § 284.

4. whether Defendant is entitled to any relief sought in its Counterclaim.

5. whether Plaintiff is entitled to recover its reasonable attorneys fees pursuant to 35 U.S.C.§ 285;

     6.     whether Plaintiff is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 to prevent Defendant from infringing the '932 patent;

     7.     whether the '932 patent is valid; and

     8.     whether the '932 patent is unenforceable due to Plaintiff's unclean hands.

**5.   Amended Pleadings**

The parties propose February 1, 2008, as the deadline for amending the pleadings. At this time, the parties do not anticipate the need to add additional parties.

**6.   Evidence Preservation**

The parties have implemented retention plans to prevent the inadvertent destruction of discoverable evidence.

**7.   Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on July 20, 2007.

**8.   Discovery**

The parties have served initial interrogatory and document requests.

The parties anticipate that the scope of discovery will relate to the following subjects:

- Infringement
- Willful infringement
- Invalidity
- Unenforceability due to Plaintiff's unclean hands;
- Damages
- Injunctive relief
- Any additional discovery that may become necessary as the parties' facts and arguments are developed

This discovery can be obtained from, for example, documents, depositions of the parties and their employees, and from subpoenaed documents and depositions of third parties.

**Proposed Limitations or Modifications to the Discovery Rules:** At the present time, the parties are not aware of any order that should be entered by the Court under Rule 26(c) or

under Rule 16(b)(4), other than a protective order under Rule 26(c) regarding the handling of confidential and/or commercially-sensitive discovery materials produced by the parties in this case. The parties reserve the right to bring any other matters to the Court's attention should any issues arise as the facts and arguments are developed.

Defendant requests that discovery be bifurcated, with discovery on issues other than claim construction stayed until the conclusion of a claim construction hearing. Plaintiff opposes such bifurcation.

**Electronic Discovery:** The Parties have agreed to produce documents and discoverable electronically stored information in a searchable .tiff form linked to a searchable database suitable for use with Concordance or other compatible software; to the extent no printable files exist, the parties agreed to produce these files in native format. In addition, if a party requests specific documents or electronically stored information in native format, such materials shall be produced in said format unless a protective order is obtained for good cause shown by the party opposing such production.

**Inadvertent Production:** The parties propose handling inadvertently-produced documents under the terms to be specified in the parties' Protective Order, which the parties will propose for entry by the Court. The parties further agree that privileged and work product materials associated with parties' counsel be required to be logged only insofar as they were created before April 10, 2007.

**Electronic Service Agreement:** The parties have agreed that service by email will be treated as personal service in this case. The terms of the negotiated agreement are as follows:

1. This agreement shall not in any manner affect Civil LR-5-5(b) or General Order No. 45, at IX entitled "Service of Electronically Filed Documents," which provides that service is complete upon receipt of an ECF system email indicating that a party has filed a document.

2. For papers subject to Fed. R. Civ. Proc. 5 that are neither filed using the ECF system nor served via email sent by the ECF system pursuant to Fed. R. Civ. Proc. 5(b)(2)(D), Plaintiff and Defendant stipulate that service may be accomplished by including said papers as

2863-001 071025 Jt CM-26f Rpt

4

**JOINT CASE MANAGEMENT AND RULE 26(f) REPORT**
**Case No. C 07-03797 WHA**

PDF attachments to one or more emails to the opposing party or parties. Service in this manner is complete upon transmission and shall constitute service under Fed. R. Civ. Proc. 5(b)(2)(D).

3. Unless otherwise agreed to in writing, the parties agree that service of all documents exchanged between the parties in this case (not including documents filed with the Court) shall be deemed served under Fed. R. Civ. Proc. 5(b)(2)(D). The parties' intent of this subsection is to add three days after the prescribed period would otherwise expire if service is by hand, as if served under Fed. R. Civ. Proc. 6(e).

**9. Class Actions**

This is not a class action.

**10. Related Cases**

There are no pending related cases.

**11. Relief**

Plaintiff Seeks a Judgment Against Defendant:

1. finding that Defendant has directly and/or indirectly infringed, and continues to infringe, the '932 patent;

2. finding that Defendant's infringement has been and continues to be willful;

3. enjoining Defendant and its subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with it or acting on its behalf, from making, using, selling, or offering for sale the infringing products in the United States;

4. ordering Defendant to pay all damages pursuant to 35 U.S.C. § 284 caused to Plaintiff by reason of Defendant's infringement, including enhanced damages pursuant to 35 U.S.C. § 285;

5. finding this case exceptional pursuant to 35 U.S.C. § 285 and ordering Defendant to pay Plaintiff's costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284 and 285;

6. ordering Defendant to pay prejudgment and post-judgment interest on the damages caused to Plaintiff by Defendant's infringement;

7. denying all relief sought in Defendant's Counterclaim and dismissing Defendant's Counterclaim and action with prejudice; and

8. for such other and further relief in law or in equity to which Plaintiff may be justly entitled.

The amount of said damages will be the subject of expert evaluation and testimony based upon discovery that Plaintiff will receive from Defendant and, as such, is not quantifiable at this time. However, Plaintiff believes that it is entitled to, at the very least, a reasonable royalty based upon Defendant's infringing activities.

Defendant Seeks a Judgment Against Plaintiff as to all relief sought by Plaintiff in its complaint, as well as a Judgment on Defendants' Counterclaims against Plaintiff:

1. finding that Defendant does not infringe, directly or indirectly, the '932 patent;

2. finding the '932 patent invalid;

3. finding the '932 patent unenforceable due to Plaintiff's unclean hands; and

4. finding that the case is exceptional and awarding Defendant its attorneys fees under 35 U.S.C. § 285.

**12. Settlement and ADR**

This case was assigned to the ADR Multi-Option Program governed by ADR Local Rule 3 in the July 24, 2007 Order Setting Initial Case Management Conference and ADR Deadlines. Therefore, before the Rule 26(f) Conference, the parties read the ADR Handbook, considered the available ADR options provide by the Court and through private entities, and analyzed the extent to which ADR might be applicable to the present case. On October 19, 2007, the parties filed respective Notices of Need for ADR Phone Conference requesting an Early Settlement Conference with a Magistrate Judge. The ADR Program has scheduled an ADR Phone Conference for Monday, October 29, 2007.

### 13. Consent to Magistrate Judge for All Purposes

The parties do not consent to the jurisdiction of a magistrate judge for all purposes.

### 14. Other References

The parties do not believe that binding arbitration or a special master is suitable for this case. The parties also agree that this case is inappropriate for the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties cannot, at this time, determine whether there are any dispositive or partially-dispositive issues for decision by motion or agreement.

### 16. Expedited Schedule

The parties do not believe that an expedited schedule is necessary.

### 17. Scheduling

| Events | Relevant Provision | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|---|
| Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions | Patent L.R. 3-1: -10 days after the Initial Case Management Conference | 10 days after the Initial Case Management Conference --11/12/07 | 11/16/07 |
| Defendants' Preliminary Invalidity Contentions | Patent L.R. 3-3: -45 days after service of Disclosure of Asserted Claims and Preliminary Infringement Contentions | 45 days after service of Disclosure of Asserted Claims and Preliminary Infringement Contentions -- 12/27/08 | 1/4/08 |
| Exchange Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1(a): -10 days after service of Preliminary Invalidity Contentions | 10 days after service of Preliminary Invalidity Contentions -- 1/7/08 | 1/18/08 |
| Exchange Proposed Constructions and Extrinsic Evidence | Patent L.R. 4-2(a): -20 days after exchange of Proposed Terms and Claim Elements for Construction | 20 days after exchange of Proposed Terms and Claim Elements for Construction -- 1/28/08 | 2/8/08 |
| Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3: -60 days after service of Invalidity Contentions | 60 days after service of Invalidity Contentions --2/25/08 | 3/03/08 |

| | | | |
|---|---|---|---|
| Completion of Claim Construction Discovery | Patent L.R. 4-4: -30 days after service and filing of Joint Claim Construction and Prehearing Statement | 30 days after service and filing of Joint Claim Construction and Prehearing Statement -- 3/26/08 | 4/4/08 |
| Opening Claim Construction Briefs | Patent L.R. 4-5(a): -45 days after service and filing of Joint Claim Construction and Prehearing Statement | 45 days after service and filing of Joint Claim Construction and Prehearing Statement -- 4/10/08 | 4/18/08 |
| Responsive Claim Construction Briefs | Patent L.R. 4-5(b): -14 days after service of opening brief | 14 days after service of opening brief -- 4/24/08 | 5/2/08 |
| Reply Claim Construction briefs | Patent L.R. 4-5(c): -7 days after service of responsive brief | 7 days after service of responsive brief -- 5/1/08 | 5/9/08 |
| Markman Hearing | Patent L.R. 4-6: two weeks after submission of reply briefs specified in Patent L.R. 4-5(c) | two weeks after submission of reply briefs specified in Patent L.R. 4-5(c) -- 5/15/08 | 5/23/08 |
| Decision to Waive Privilege Regarding any Defense to Willfulness | Patent L.R. 3-8: -50 days after service by Court of its Claim Construction Ruling | 20 days after service by Court of its Claim Construction Ruling -- 7/7/08 | -40 days after service by Court of its Claim Construction Ruling |
| Defense to Willfulness Discovery Cut-off | | 60 days after Claim Construction Ruling -- 8/14/08 | -50 days after service by Court of its Claim Construction Ruling |
| Non-expert Discovery Cut-off | | 90 days after Claim Construction Ruling -- 9/15/08 | 1/21/09 |
| Opening Expert Report on Issues Parties Bear Burden of Proof at Trial – Rule 26(a)(2)(B) | | 90 days after Claim Construction Ruling -- 9/15/08 | 2/20/09 |
| Rebuttal Report | | 120 days after Claim Construction Ruling -- 10/13/08 | 3/6/09 |
| Expert Discovery Cut-off | | 140 days after Claim Construction Ruling -- 11/3/08 | 4/3/09 |
| Last Day to File Motion to Compel Expert Discovery | Civ. L.R. 26: 7 days after cutoff | 7 days after cutoff -- 11/10/08 | 4/10/09 |

RUSS, AUGUST & KABAT

| | | | |
|---|---|---|---|
| Last Day for Filing Motions (Except for Motions in Limine) | | 20 days after Expert Discovery Cut-off – 11/24/08 | 5/9/09 |
| FRCP 26(a)(3) Disclosures | Alsup Standing Order: 30 calendar days prior to trial | 30 calendar days prior to trial – 12/21/08 | 7/3/09 |
| Serve Motions in Limine | Alsup Standing Order: -20 calendar days prior to Final Pretrial Conference | 30 calendar days prior to trial – 12/21/08 | 7/10/09 |
| Objections to FRCP 26(a)(3) Disclosures | Alsup Standing Order: -14 calendar days after disclosures | 14 calendar days after disclosures – 1/5/09 | 7/17/09 |
| Serve Oppositions to Motions in Limine | Alsup Standing Order: -10 calendar days prior to Final Pretrial Conference | 10 calendar days in advance of Final Pretrial Conference – 1/6/09 | 7/21/09 |
| File Motions in Limine and Oppositions to Motions in Limine | Alsup Standing Order: -7 calendar days prior to Final Pretrial Conference | 7 calendar days in advance of Final Pretrial Conference – 1/9/09 | 7/24/09 |
| File Proposed Final Pretrial Order, Joint Set of Proposed Instructions on Substantive Issues of Law, Separate Memorandums of Law in Support of Each Part's Disputed Instructions, Joint Special Verdict Form, Joint Set of Proposed Voir Dire Questions, copies of Rule 26(a)(3) Disclosures, and any trial briefs | Alsup Standing Order: -7 calendar days in advance of Final Pretrial Conference | 7 calendar days in advance of Final Pretrial Conference – 1/9/09 | 7/24/09 |
| Final Pretrial Conference | | 3 days before trial – 1/16/09 | 7/31/09 |
| Trial ready date | | 120 days after Expert Discovery Cut-off – 1/19/09 | 8/3/09 |

**19.   Disclosure of Non-Party Interested Entities or Persons**

Pursuant to L.R. 3-16, each party has or will file their Certificates of Interested Entities or Persons within 10 days of the Case Management Conference.

2863-001 071025 Jt CM-26f Rpt                9

**JOINT CASE MANAGEMENT AND RULE 26(f) REPORT**
Case No. C 07-03797 WHA

**20. Other Matters**

The parties have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this case.

DATED: October 25, 2007            Submitted by:

Russ, August & Kabat


By /s/ Marc A. Fenster
Marc A. Fenster
Attorneys for Plaintiff Gemini IP Technologies, LLC

DATED: October 25, 2007            Approved by:

Quinn Emanuel Urquhart Oliver & Hedges, LLP


By [signature] Michael D. Powell
Michael D. Powell
Attorneys for Defendant Cisco Systems, Inc.

**RUSS, AUGUST & KABAT**
Marc A. Fenster, CA State Bar No. 181067
mfenster@raklaw.com
Judith L. Meadow, CA State Bar No. 089665
jmeadow@raklaw.com
Irene Y. Lee, CA State Bar No. 213625
ilee@raklaw.com
12424 Wilshire Boulevard
12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:    310/826-6991

**Attorneys for Plaintiff Gemini IP Technologies, LLC**


**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
Charles K. Verhoeven, CA State Bar No. 170151
charlesverhoeven@quinnemanuel.com
50 California Street
22nd Floor
San Francisco, California 94111
Telephone:    415/875-6600
Facsimile:    415/875-6700

Victoria F. Maroulis, CA State Bar No. 202603
victoriamaroulis@quinnemanuel.com

2863-001 071025 Jt CM-26f Rpt                10

**JOINT CASE MANAGEMENT AND RULE 26(f) REPORT**
Case No. C 07-03797 WHA

Robert W. Stone, CA State Bar No. 163513
robertstone@quinnemanuel.com
Michael D. Powell, CA State Bar No. 202850
mikepowell@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone:   650/801-5000
Facsimile:    650/801-5100

**Attorneys for Defendant Cisco Systems, Inc.**